**Douglas A. GLASER, Plaintiff–Appellant,**

v.

**Rick RAEMISCH, Director of Colorado Department of Corrections, individually and officially; Mary Carlson, Manager of Offender Time/Release Operations, individually and officially; Travis Trani, Warden of Colorado State Penitentiary, individually and officially; Colorado Department of Corrections, Defendants–Appellees.**

Douglas A. Glaser, Petitioner–
Appellant,

v.

Travis Trani; Cynthia H. Coffman, At-
torney General of the State of Col-
orado, Respondents–Appellees.

No. 16-1228, No. 16-1234

United States Court of Appeals,
Tenth Circuit.

Filed August 18, 2016

Douglas A. Glaser, Pro Se

Before BRISCOE, GORSUCH, and
McHUGH, Circuit Judges.

## ORDER AND JUDGMENT AND OR-
DER GRANTING CERTIFICATE
OF APPEALABILITY *

Neil M. Gorsuch, Circuit Judge

After a Colorado jury found Douglas
Glaser guilty of fraud, he was sentenced to
25 years in prison. Amidst an ongoing
state court appeal of that conviction, he
came to federal court seeking two forms of
relief. First, he brought a 42 U.S.C. § 1983
action claiming that he was unconstitution-
ally denied good time credits during a
period of pre-trial confinement. Separately,
he applied for a writ of habeas corpus
under 28 U.S.C. § 2254, arguing that his
trial and subsequent appeal violated his
constitutional rights. The district court dis-
missed both actions, but he asks us to
allow them to proceed.

As the district court explained in its
well-reasoned order, a prisoner cannot use

a § 1983 action to challenge the validity of
his sentence. *Heck v. Humphrey*, 512 U.S.
477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383
(1994). That rule bars actions like Mr.
Glaser's that seek to reduce the duration
of a sentence by winning good time credits.
*Preiser v. Rodriguez*, 411 U.S. 475, 487–90,
93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). The
appropriate avenue for Mr. Glaser's claims
is by writ of habeas corpus. *Id.* at 487–88,
93 S.Ct. 1827.

The district court was also correct to
dismiss Mr. Glaser's habeas application for
failure to exhaust state remedies, for his
petition for certiorari was still pending be-
fore the Colorado Supreme Court. *See* 28
U.S.C. § 2254(b)(1). But that petition has
since been denied and his conviction now
appears to be final. *See* Colo. App. R.
51.1(a). So it is that we must remand his
application to the district court for further
proceedings. *See Bonner v. Evans*, 48 F.3d
1231, at *1 (10th Cir. 1995) (unpublished
table decision).

The district court's order dismissing Mr.
Glaser's § 1983 action is affirmed. Mr.
Glaser's request for a certificate of appeal-
ability is granted and the district court's
order dismissing his application for habeas
corpus is vacated and remanded. Mr. Glas-
er's motion to proceed in forma pauperis in
appeal number 16–1234 is granted. His
motion for leave to proceed without pre-
payment of costs and fees in appeal num-
ber 16–1228 is denied. He is reminded he
must pay the filing fee in full in appeal
number 16-1228.

---

* After examining the briefs and appellate rec-
ord, this panel has determined unanimously
that oral argument would not materially assist
in the determination of this appeal. *See* Fed.
R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without
oral argument. This order and judgment is
not binding precedent, except under the doc-
trines of law of the case, res judicata, and
collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.